UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JERMAINE NATHANIEL GLYNN; DONALD JOHN TRUMP SENIOR,<br><br>        Plaintiffs,<br><br>        -against-<br><br>ANA C. REYES, et al.,<br><br>        Defendants. | 26-CV-3233 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Jermaine Nathaniel Glynn, who is appearing *pro se*, brings this action against District Judge Ana Reyes, who is presiding over an action involving Temporary Protected Status for Haitians, *Lesly Miot v. Trump*, No. 25-CV-02471 (D.D.C.), and against Fritz Emmanuel Lesly Miot, who is a named plaintiff in the action before Judge Reyes.[1] By separate order, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court dismisses the complaint for the reasons set forth below.

### STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] Although Plaintiff Glynn indicates that Donald J. Trump is a plaintiff in this action, Donald J. Trump has not signed the complaint and nothing suggests that he intends to participate in this action. The Court therefore refers to Glynn as Plaintiff.

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

The following allegations are drawn from the complaint.[2] Plaintiff Jermaine Nathaniel Glynn sues Federal District Judge Ana C. Reyes and Fritz Emmanuel Lesly Miot, providing addresses for these defendants at the E. Barrett Prettyman United States Courthouse in Washington, D.C. The complaint does not provide a factual narrative of any specific events or dates.

Plaintiff quotes Article II of the United States Constitution regarding presidential appointment of Supreme Court judges and Article III, Section 2 regarding the jurisdiction of the Supreme Court. In response to a question on the form complaint about his injuries, Plaintiff states, "Dis - torts: the perverting of justice. the perverting of judgment as a matter of law." (ECF 1 at 6.) Plaintiff seeks the following:

> The judges of the Supreme and inferior courts shall order the stay against the orders of Judge Ana Reyes to prevent the postponing of agency action and shall order the stay against Ana C. Reyes.

(*Id*.)

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

Plaintiff asks for "judgment as a matter of law" declaring Judge Reyes in violation of Article III, Section 2 and Article II, Section 2 alongside other relief.

## DISCUSSION

### A.    Judicial Immunity

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009); *see Stump v. Sparkman*, 435 U.S. 349, 362 (1978) (the inquiry focuses on whether the judge was performing a "function normally performed by a judge").

Moreover, in the Federal Courts Improvement Act of 1996 ("FCIA"), Congress amended 42 U.S.C. § 1983 to provide that in "any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983, as amended by FCIA, § 309(c), Pub. L. No. 104–317, 110 Stat. 3847, 3853 (1996).

Plaintiff appears to challenge Judge Reyes's decision in *Lesly Miot v. Trump*, No. 25-CV-02471 (D.D.C.), an action in which he is not a party. Judge Reyes is entitled to absolute immunity for a claim for damages based on her judicial acts in cases before her. Moreover, as a non-party, Plaintiff has no basis for seeking injunctive relief in *Lesly Miot*, No. 25-CV-02471 (D.D.C.), and this action is not a proper vehicle to do so. Plaintiff's claims against Judge Reyes must therefore be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).

### B.    Frivolous Claims

Under the IFP statute, a court must dismiss an action if it determines that the action is frivolous or malicious. 28 U.S.C. §1915(e)(2)(B)(i). "[A]n action is 'frivolous' when either:

(1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." *Livingston*, 141 F.3d at 437.

Plaintiff lists Fritz Emmanuel Lesly Miot as a Defendant in this action but does not include any allegations about him in the body of the complaint. Because there are no allegations about what Defendant Miot personally did or failed to do that violated Plaintiff's rights, Plaintiff's allegations against Defendant Miot fail to state a claim on which relief can be granted and are dismissed as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

**C.     Leave to amend denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Plaintiff's complaint gives no indication that the defects can be cured with an amendment, and the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).[3]

**CONCLUSION**

The Court dismisses this action under 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

[3] In *Glynn v. Every Male Uniformed New York City Police Dep't Officer*, No. 26-CV-3231 (LTS) (S.D.N.Y. Apr. 24, 2026), Plaintiff was ordered to show cause why he should not be barred from filing actions IFP unless he receives prior permission from the court to file a new action. *See* 28 U.S.C. § 1651.

4

The Court directs the Clerk of Court to enter judgment dismissing this action.

SO ORDERED.

Dated:　April 27, 2026
　　　　New York, New York

　　　　　　　　　　　　　　　　　/s/ Laura Taylor Swain
　　　　　　　　　　　　　　　　　LAURA TAYLOR SWAIN
　　　　　　　　　　　　　　　Chief United States District Judge